MARTIN *v.* STATE.

Opinion delivered December 23, 1929.

*C. E. Condray* and *Bogle & Sharp,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HUMPHREYS, J. Appellant was separately tried and convicted, in the circuit court of Arkansas County, of murder in the second degree, and was adjudged to serve a term of five years in the State Penitentiary, upon the following indictment:

"The grand jury of Arkansas County, Southern District, in the name and by the authority of the State of Arkansas, accuse Perry Martin, Ike Sangston, Glenn Sangston, of the crime of murder in the first degree, committed as follows, to-wit: The said Perry Martin, Ike Sangston and Glenn Sangston, in the district, county

and State aforesaid, on the 20th day of April, A. D. 1929, unlawfully, willfully, feloniously and with malice aforethought, and after premeditation and deliberation, did assault, kill and murder one Ed McGrew, by then and there shooting him, the said McGrew, with a rifle, then and there loaded with gunpowder and leaden bullets, and then and there had and held in the hands of him, the said Perry Martin, Ike Sangston, and Glenn Sangston, and with the unlawful and felonious intent then and there, him, the said Ed McGrew, willfully and maliciously to kill and murder, against the peace and dignity of the State of Arkansas. Guy E. Williams, prosecuting attorney.''

An appeal from the judgment of conviction has been duly prosecuted to this court.

Appellant assigns as reversible error, first, the insufficiency of the evidence to support the verdict, and second, the refusal of the court to give his requested instructions numbers 18, 19 and 20.

(1) The substance of the evidence introduced by the State was to the effect that as Ed McGrew, deceased, was returning with a party of friends from a dump situated near the Missouri Pacific bridge on White River, in the town of Benzol, to the landing dock, appellant fired a shot at McGrew, which entered his head, and resulted in his immediate death; that at the time the shot was fired McGrew was leaning over engaged in turning the switch of his motor-boat off. The jury accepted this evidence as true, although disputed by the witnesses introduced by appellant, and it is sufficient to sustain the verdict.

Instructions numbers 18, 19 and 20, requested by appellant and refused by the court, told the jury that the evidence introduced by the State did not tend to show a conspiracy, and that the State's evidence introduced for that purpose was excluded, and should not be considered by the jury. The evidence introduced by the State for the purpose of showing a conspiracy was not objected

to by appellant at the time it was introduced, and it was clearly within the discretion of the court whether he would direct the jury not to consider it when he came to instruct the jury. *Johnson* v. *State,* 156 Ark. 464, 246 S. W. 516. It did not devolve upon the State to prove any conspiracy, as no conspiracy was charged in the indictment between appellant, Ike Sangston and Glenn Sangston. For the reasons given the court did not err in refusing to grant appellant's requested instructions numbers 18, 19 and 20.

No error appearing, the judgment is affirmed.